OPINION OF THE COURT
Per Curiam.
By decision and order on motion of this Court dated March 4, *135 2013, the Grievance Committee for the Ninth Judicial District was authorized to institute and prosecute a disciplinary proceeding against the respondent based on charges set forth in a verified petition dated November 15, 2012. The petition contained two charges of professional misconduct alleging that the respondent violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c) and (h) by failing to cooperate with an investigation by the Grievance Committee of a complaint of professional misconduct and failing to comply with a judicial subpoena and a subpoena duces tecum so ordered by this Court. In the decision and order dated March 4, 2013, that branch of the Grievance Committee’s motion which was to immediately suspend the respondent was denied.
Pursuant to an order to show cause of this Court signed on November 26, 2012, substituted service of the decision and order dated March 4, 2013, was effectuated upon the respondent on March 26, 2013, by affixing a copy of the order to the door of her residence and mailing copies of the order by regular and certified mail to her home address. More than 20 days have since elapsed without service of an answer to the petition, as directed by the decision and order dated March 4, 2013, or a request for an adjournment.
The Grievance Committee now moves to impose discipline against the respondent upon her default in failing to submit an answer to the petition. Copies of the instant motion were served upon the respondent by substituted service. The respondent has neither opposed the Grievance Committee’s motion nor interposed any response.
Accordingly, the Grievance Committee’s motion is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred on default and her name is stricken from the roll of attorneys and counselors-at-law.
Eng, P.J., Mastro, Rivera, Skelos and Dillon, JJ., concur.
Ordered that the petitioner’s motion is granted; and it is further,
Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Veronica Ann Shea, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Veronica Ann Shea, shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
*136 Ordered that, pursuant to Judiciary Law § 90, the respondent, Veronica Ann Shea, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Veronica Ann Shea, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).